IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

Juan Ramirez Campos,

        Plaintiff,        CIV. NO. S-07-2196 EJG
                        (CR. NO. S-95-0020 EJG)

      v.

UNITED STATES OF AMERICA,     ORDER DENYING RULE 60(b)
                        MOTION AND DISMISSING
        Defendant.      COMPLAINT

_____/

    Defendant, a federal prisoner proceeding pro se, has filed a civil complaint attacking the judgment in his criminal case as void and seeking to be re-sentenced.  He has chosen Rule 60(b) of the Federal Rules of Civil Procedure as the procedural vehicle to accomplish this act.  For the reasons discussed below, the Rule 60(b) motion is DENIED and the civil complaint is DISMISSED.

///

///

1

BACKGROUND

Defendant was convicted June 5, 1996, following a jury trial, of two counts of drug trafficking: one count of conspiracy to possess methamphetamine with the intent to distribute more than 1000 grams, and one count of possession of methamphetamine with the intent to distribute.   In addition, an information was filed charging defendant with prior felony drug convictions.  As a result of defendant's criminal history as well as the quantity of drugs involved, he was found to be a career criminal. Judgment was entered November 12, 1996, following a hearing, and defendant was sentenced to 360 months imprisonment and 60 months supervised release.  The convictions were affirmed on appeal in September of 1997.  Defendant has filed no post-conviction motions in the eleven years following his conviction.

DISCUSSION

Defendant's civil complaint, filed October 15, 2007, alleges he was unlawfully adjudicated a career criminal.  His prayer for relief includes a motion to vacate his conviction and a request to be re-sentenced.  The court cannot entertain defendant's requests in their current form.

First of all, a post-conviction attack on a federal criminal conviction which seeks to vacate the conviction must be raised in a section 2255 motion to vacate, set aside or correct sentence. See 28 U.S.C. § 2255.  Second, the federal rules of civil procedure do not apply in criminal cases.  "These rules govern

2

the procedure in the United States district courts in all suits of a *civil* nature. . . ." Fed. R. Civ. P. 1 (emphasis added). See also, United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Andrade-Larrios, 39 F.3d 986, 988 (9th Cir. 1994).   Since the relief defendant seeks is from his *criminal* conviction, his Rule 60(b) motion to vacate is DENIED.

While it may be expedient for the court to construe defendant's civil complaint as a section 2255 motion, the law precludes the court from doing so absent notice to and consent from the defendant.  Castro v. United States, 540 U.S. 375, 382-83 (2003).   Moreover, such a re-characterization could be rife with problems, implicating limitations periods which may affect defendant's substantial rights.   Therefore, the court declines to re-characterize defendant's civil complaint and instead DISMISSES it.   Defendant is free, however, to file a motion pursuant to 28 U.S.C. § 2255.

CONCLUSION

Defendant's 60(b) motion for relief from his criminal judgment is DENIED.   Defendant's civil complaint is DISMISSED.

IT IS SO ORDERED.

Dated: January 9, 2008

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT