IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,         CR. NO. S-95-0020 EJG
                           (CIV. NO. S-07-2196 EJG)

      v.
                          <u>ORDER DENYING REQUEST FOR</u>
JUAN RAMIREZ CAMPOS,        <u>CERTIFICATE OF APPEALABILITY</u>

          Defendant.
_____/

    Defendant, a federal prisoner proceeding <u>pro</u> <u>se</u>, filed a civil complaint October 15, 2007 seeking to vacate his criminal conviction, and invoking Federal Rule of Civil Procedure 60(b) as the basis for jurisdiction.  On January 9, 2008, the court issued an order rejecting defendant's attempt to use the rules of civil procedure and dismissing his civil complaint.  On January 24, 2008, defendant filed a Notice of Appeal from that order.  On February 13, 2008, the Ninth Circuit Court of Appeals issued an order remanding the case to this court "for the limited purpose of granting or denying a certificate of appealability."

1

1   According to § 2253 of Title 28, a certificate of

2   appealability is a pre-requisite to the filing of an appeal from

3   a final order in a § 2255 proceeding.  See 28 U.S.C. §

4   2253(c)(1)(B).  In its order of remand the Ninth Circuit

5   construed defendant's civil complaint and attendant reliance on

6   Rule 60(b) as arising under 28 U.S.C. § 2255.  United States v.

7   Campos, No. 08-15180 (9th Cir., filed Feb. 13, 2008).  However,

8   the district court's January 9th order specifically states that

9   the court has elected *not* to construe defendant's filing as a

10  habeas petition under 28 U.S.C. § 2255, citing the concerns

11  raised by the Supreme Court in Castro v. United States, 540 U.S.

12  375, 382-83 (2003); therefore, the appellate court's remand is

13  somewhat puzzling.

14      Nonetheless, in response to the appellate court's directive,

15  the undersigned issues an order declining to grant a certificate

16  of appealability.  A certification may issue "only if [defendant]

17  has made a substantial showing of the denial of a constitutional

18  right."  28 U.S.C. § 2253 (c)(2).  The court must either issue a

19  certificate of appealability indicating which issues satisfy the

20  required showing or must state the reasons why such a certificate

21  should not issue.  Fed. R. App. P. 22(b)(1).

22      The gist of defendant's complaint is a request to reduce his

23  sentence based on retroactive application of the Lopez v.

24  Gonzalez, 127 S.Ct. 625 (2006).  In that case the Supreme Court

25  held that a prior state offense can only be counted as a felony

26                                  2

1  under the federal Controlled Substances Act if it prohibits

2  activity punishable as a felony under federal law.  Lopez v.

3  Gonzalez, 127 S.Ct. 625, 633 (2006).  Before the court can

4  analyze that issue on the merits or determine its applicability

5  to defendant's case, jurisdiction must exist.  Jurisdiction was

6  lacking under the federal rules of civil procedure.  Likewise,

7  the court does not have before it sufficient information to

8  determine that defendant has made a substantial showing of the

9  denial of a constitutional right.  Accordingly, the request for a

10 certificate of appealability is DENIED.

11      IT IS SO ORDERED.

12 Dated: February 19, 2008

13                              /s/ Edward J. Garcia
                                EDWARD J. GARCIA, JUDGE
14                              UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26                          3