IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JUAN RAMIREZ CAMPOS,

    Defendant.
_____/

CR. NO. S-95-0020 EJG

ORDER DENYING 2255 MOTION

This matter is before the court on defendant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion, as well as the applicable law, the court has determined that the motion may be decided without a hearing and without service on the United States Attorney because the files and records of the case conclusively establish that, if construed as an original motion, it is time-barred. Alternatively, if construed as a successive § 2255 motion, the court lacks jurisdiction. For the reasons set forth below, the motion is DENIED.

BACKGROUND

Defendant was convicted by jury June 5, 1996, of one count of conspiracy to possess methamphetamine with intent to distribute more than 1000 grams, in violation of 21 U.S.C. § 846, and one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841. In addition, an information charged defendant with prior felony drug convictions, pursuant to 21 U.S.C. § 851. Judgment was entered November 12, 1996, and defendant was sentenced to a term of 360 months imprisonment and 60 months supervised release. The convictions were affirmed on appeal in an unpublished memorandum filed December of 1997.

Almost ten years later, in October 2007, defendant filed a document styled "plaintiff's original complaint" in which he sought to set aside his convictions pursuant to Federal Rule of Civil Procedure 60(b), citing Lopez v. Gonzalez, 549 U.S. 47, 127 S.Ct. 625 (2006), contending he was unlawfully adjudicated a career criminal. Although the civil complaint clearly sought relief available only via a § 2255 motion, the court was constrained by the Supreme Court's opinion in Castro v. United States, 540 U.S. 375, 382-83 (2003), which requires notice to and consent from a defendant before a document can be re-characterized as a § 2255 motion. Therefore, in an order filed January 9, 2008, the court dismissed the complaint and denied defendant's Rule 60(b) motion. On February 13, 2008, the Ninth

Circuit Court of Appeals, apparently not believing itself constrained by Castro, issued an order construing defendant's 2007 "complaint" and Rule 60(b) motion as a § 2255 motion even though not labeled as such, and directed the district court to grant or deny a certificate of appealability, pursuant to 28 U.S.C. § 2253. Subsequently, in an order filed February 19, 2008, the district court denied defendant's request for a certificate of appealability. The appellate court followed suit, issuing its own denial in an order filed November 14, 2008.

Undeterred by either this court or the appellate court, defendant filed the instant § 2255 motion January 14, 2009, raising the same issue contained in his 2007 civil complaint and Rule 60(b) motion.

## DISCUSSION

### A. § 2255 motion is untimely

Motions brought pursuant to section 2255 of Title 28 are subject to a one year statute of limitations. The one year period runs from one of four dates set forth in the statute. See 28 U.S.C. § 2255(1-4). The date applicable in the instant case is that on which "the judgment of conviction became final." 28 U.S.C. § 2255(1). A judgment of conviction becomes final after judgment has been entered, the availability of appeal has been exhausted, and the time for filing a certiorari petition has elapsed or the petition has been denied. Griffith v. Kentucky, 107 S.Ct. 708, 712 n.6 (1987). Here, judgment was entered

3

November 12, 1996 and the conviction was affirmed on appeal December 11, 1997 by the Ninth Circuit Court of Appeals. Defendant did not seek further review, so the judgment became final ninety days after entry of the affirmance on the docket, or March 11, 1998. Accordingly, the instant § 2255 motion is untimely by almost eleven years.

Recognizing this impediment to relief, defendant appears to argue that the statute of limitations was tolled while he pursued his civil complaint and Rule 60(b) motion through the district and appellate courts. In support he cites subsection (f)(3) of section 2255 which provides that the one year limitations period begins to run from the date on which the right asserted was initially recognized by the Supreme Court if the right was newly recognized and made retroactively applicable to cases on collateral review. This argument is not persuasive. Assuming for purposes of argument that Lopez created a new right and that right was made retroactive to cases pending on collateral review, defendant's request for relief is still untimely, since his § 2255 motion was not filed until January of 2009, more than two years after the Lopez decision. Nothing in section 2255 supports defendant's argument that a civil complaint and Rule 60(b) motion operate to toll the one-year statute of limitations.

B. <u>Second/successive § 2255 motion</u>

In the alternative, if the civil complaint and Rule 60(b) motion are construed as defendant's initial § 2255 motion, the

4

instant motion filed in January of this year is a successive motion, over which this court lacks jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a defendant's ability to file multiple § 2255 motions. The Act requires a defendant to obtain pre-authorization from the appropriate circuit court of appeals prior to filing a successive 2255 motion in the district court. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). To obtain such authorization, defendant must demonstrate **to the appellate court** that his motion contains newly discovered evidence tending to show actual innocence or involves a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. In the instant case defendant relies on the latter, arguing that the 2006 Supreme Court <u>Lopez</u> case operates as a new rule of constitutional law, which, if applied to his case, would reduce his sentence. While this court sees several impediments in his way, whether defendant can obtain the pre-authorization needed to file a successive § 2255 motion is a matter for the Ninth Circuit, and not the undersigned.

    C.  <u>Merits</u>

Even were the court able to satisfy itself of jurisdiction and reach the merits, defendant's motion would fail. He has failed to provide any evidence, other than his own unsubstantiated statements, that his sentence was unlawfully

enhanced to Career Offender.[1]

CONCLUSION

Defendant's § 2255 motion to vacate, set aside or correct his sentence is DENIED as untimely. The Clerk of Court shall close companion civil case No. S-09-0375 EJG.

IT IS SO ORDERED.

Dated: April 3, 2009

/s/Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Despite references to Exhibits, none are attached to, nor were any provided with, defendant's motion and points and authorities.