IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

JUAN RAMIREZ CAMPOS,

        Defendant.
_____/

CR. NO. S-95-0020 EJG

ORDER TRANSFERRING SUCCESSIVE 2255 MOTION

    Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, this motion is transferred to the Ninth Circuit Court of Appeals.

Background

    Defendant was convicted June 5, 1996, following a jury trial of drug trafficking offenses. He was sentenced November 12, 1996 to a term of 360 months imprisonment and 60 months supervised release. The convictions and sentence were affirmed on appeal in an unpublished memorandum filed in December of 1997. In 2007 defendant began filing a series of post-conviction motions, each

of which have been rejected by this court and the appellate court.  The instant motion, filed December 27, 2010, is the latest, raising the same issues as the previous motions.[1] Essentially, defendant argues that he was improperly adjudicated a career criminal.  However, for reasons indicated by the court in a previous order defendant's argument is unavailing. <u>See</u> Order Denying 2255 Motion, docket entry 238.  First, his motion is untimely, second, it is a successive motion and is directed to the wrong court, and third, it fails on the merits. <u>Id.</u>  Since the instant motion is clearly a successive § 2255 motion, this court lacks jurisdiction to consider it.  Instead, defendant must obtain pre-authorization from **the appellate court** prior to filing a second § 2255 motion.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h).

In fact, the district court cannot proceed to the merits of the motion; rather, it must either dismiss the motion for lack of jurisdiction, stay it and direct defendant to seek circuit court authorization, or transfer it to the appropriate circuit court of appeals pursuant to 28 U.S.C. § 1631.  It is the practice of the undersigned to transfer successive motions to the Ninth Circuit Court of Appeals.

///

---

[1] On February 14, 2011, defendant filed a motion to amend his section 2255 motion. However, for reasons indicated in this order, it is a successive post-conviction motion over which the district court lacks jurisdiction; therefore, neither the § 2255 motion or the motion to amend are properly before this court.

CONCLUSION

The Clerk of Court shall transfer defendant's successive § 2255 motion to vacate, set aside or correct his sentence to the Ninth Circuit Court of Appeals, along with a copy of this court's April 7, 2009 order (docket entry # 238) denying defendant's original § 2255 motion.

IT IS SO ORDERED.

Dated: April 25, 2011

/s/ Edward J. Garcia
U. S. DISTRICT JUDGE