


IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JUAN RAMIREZ CAMPOS,

    Defendant.
_____/

CR. NO. S-95-0020

ORDER DENYING WRIT FOR AUDITA QUERELA

    Defendant, a federal prisoner proceeding pro se has filed a document entitled "Petitioner Request for Retroactive Application" in which he seeks to reduce his sentence. The requested relief is sought under the All Writs Act, Audita Querela, Booker and § 3553 factors. After reviewing the records of the case, the documents submitted in connection with it, and the applicable law, the court has determined that defendant's request should be DENIED.

### Background

    Defendant was convicted by jury of drug trafficking offenses and was sentenced in 1996 to a term of 360 months imprisonment.

The convictions and sentence were affirmed on appeal in 1997. Ten years later defendant began filing a series of post-conviction motions, which included a Rule 60(b) motion to set aside the judgment in his criminal case and two § 2255 motions, all of which have been rejected by both this court and the Ninth Circuit Court of Appeals. In those motions defendant argued that he was unlawfully adjudicated a career criminal and sought to attack the validity of his prior convictions which underlay the career criminal designation.

Seeking to avoid the timeliness and jurisdictional problems encountered in some of his earlier motions, defendant has attempted to remove this one from the ambit of § 2255 by titling it a motion under the All Writs Act, or a motion for audita querela. The essence of his argument remains the same and he asks the court to vary down from the sentence it imposed, on the basis that his criminal history was over-represented.

## Discussion

Contending that a 30-year sentence is harsh punishment, defendant asks the court to use its discretionary power under the now advisory sentencing guidelines, United States v. Booker and its progeny, and § 3553, to reduce his sentence. In support he cites a District of Washington decision which granted a defendant's petition for a writ of *audita querela*, and reduced his sentence on the ground that Booker was not available as a basis for relief at the time defendant had filed his earlier

2

1 post-conviction motions. See United States v. Kessack, 2008 WL
2 189679 (W.D. Wash. 2008). The trial judge was moved by
3 defendant's plea of sentencing inequities among himself and his
4 co-defendants and his inability to obtain the relief he sought
5 through the usual post-conviction avenues.
6     Defendant's reliance on Kessack is misplaced. Its reasoning
7 has been rejected by a judge within this district, and the Ninth
8 Circuit, as well as by other courts around the country. See
9 United States v. Gamboa, 608 F.3d 492, 495 (9th Cir. 2010)
10 (rejecting Kessack as contrary to the law of this circuit);
11 United States v. Luna, 2009 WL 2351716 *4 (E.D. Cal. 2009) (same).
12 "[A] federal prisoner may not challenge a conviction or sentence
13 by way of a petition for a writ of audita querela when that
14 challenge is cognizable under § 2255." United States v. Valdez-
15 Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001). See also, United
16 States v. Carrington, 503 F.3d 888 (9th Cir. 2007) (Booker and
17 its progeny do not present extraordinary circumstance warranting
18 relief by writ of audita querela).
19     Defendant's request, no matter how it is labeled, seeks to
20 reduce his sentence. The only vehicle for doing so given the
21 post-conviction procedural posture of the case is through a
22 section 2255 proceeding. The fact that defendant's several
23 requests for relief under that statute have been previously
24 denied does not allow him access to other avenues of post-
25 conviction relief. A common law writ such as audita querela is

3

1  available only to fill gaps in the federal post-conviction
2  remedial framework.  Doe v. INS, 120 F.3d 200, 203 (9th Cir.
3  1997).  "[T]he statutory limits on second or successive habeas
4  petitions do not create a 'gap' in the post-conviction landscape
5  that can be filled with the common law writs."  United States v.
6  Carrington, 503 F.3d at 890.  "A prisoner may not circumvent valid
7  congressional limitations on collateral attacks by asserting that
8  those very limitations create a gap in the post-conviction
9  remedies that must be filled by the common law writs."  Valdez-
10 Pacheco, 237 F.3d at 1080.  In other words, section 2255 is not
11 an inadequate remedy merely because it procedurally bars
12 defendant's claim.

13     Having determined that "the law of this circuit precludes
14 the use of a writ of *audita querela* to circumvent the statutory
15 limitations" of § 2255, defendant's request for relief on that
16 basis is DENIED.

17     IT IS SO ORDERED.
18 Dated: November **30**, 2012

                                    _____
                                    EDWARD J. GARCIA, JUDGE
                                    UNITED STATES DISTRICT COURT

4